(June 12, 2000)

■ Luis F. Acevedo, Appellant, v Joseph A. Pena et al., Respondents, et al., Defendants. [710 NYS2d 900] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Lonschein, J.), dated July 12, 1999, which granted the motion of the defendants Joseph A. Pena and Bridge Ford, Inc., for summary judgment dismissing the complaint insofar as asserted against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court (Weiss, J.), dated December 23, 1999, which denied his motion, in effect, for reargument.

Ordered that the appeal from the order dated December 23, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 12, 1999, is reversed, on the law, the motion for summary judgment is denied, and the complaint is reinstated insofar as asserted against the respondents; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court improperly granted the respondents' motion for summary judgment. The respondents failed to submit sufficient evidence to establish as a matter of law that the plaintiff's injuries were not caused by the accident in question or that they did not constitute a serious injury within the meaning of Insurance Law § 5102 (d). Their expert concluded that the plaintiff's injuries were caused by the subject automobile accident. In addition, the expert offered a wholly conclusory assertion that the limitation of motion in the plaintiff's left shoulder was "near normal". Where an expert states his conclusion without any trace of facts or data, his testimony should be given no probative force whatsoever (see, Amatulli v Delhi Constr. Corp., 77 NY2d 525). Accordingly, the respondents failed to make a prima facie case.

In light of our determination, we need not consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (see, Mariaca-Olmos v Mizrhy, 226 AD2d 437). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.